PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROSALY, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Ponce in a Prosecution for Violation of the Excise Tax Law.

### No. 1480.—Decided May 20, 1920.

EXCISE TAX LAW—LICENSE FOR STILL.—The Jones Act did not repeal the sections of the revenue laws which prohibit the use of a still without a license; therefore a person who has a still in his possession as owner or custodian without having it registered in the office of the Treasurer of Porto Rico and without having given a bond for its possession, violates section 44 of the Excise Tax Law.

PLEADING—COMPLAINT—OBJECTIONS.—Formal objections to a complaint if made on the day of the trial come too late and the courts below should refuse to consider them unless they are made before the trial.

The facts are stated in the opinion.

*Messrs. R. Martínez Nadal* and *L. Tormes* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint charged a violation of section 44 of the Excise Tax Law. This section was re-enacted in the Excise Tax Law of 1919 and is section 61 of Law No. 55, Laws of that year, page 276.

Thereunder the appellant was charged with having a still in his possession as owner or custodian without having it registered in the office of the Treasurer of Porto Rico and without having complied with the requirements of giving bond for the possession. He was convicted and sentenced to pay a fine of $100, or to suffer a day in jail for each dollar that he failed to pay, not exceeding thirty days.

On appeal he assigns three errors. First, that he was not duly brought to trial within 120 days, a matter directly disposed of by our decision in the case of *People* v. *Nigaglioni, ante,* page 217.

Second, that the complaint in the form in which it was presented failed to state a public offense, setting up that sections 71 and 72 of the Code of Criminal Procedure had not been followed. The specific attack was upon the alternative statement of ''owner or guardian,'' a pure matter of form. *People* v. *Paris,* 25 P. R. R. 103, and numerous cases following it show that the law requires that objections of this sort made at the trial come too late and we shall not stop to examine whether the objection would have been good if duly made. The courts below should refuse to consider formal objections if first made on the day of the trial. There would be nothing against considering an objection of this nature on the day of the trial, provided a due motion or demurrer was presented before that time, thus giving the *Fiscal* an opportunity to amend if he desired. The People of Portó Rico should not be subjected to formal objections while juries and witnesses are present and other cases to be heard.

Third, the appellant maintains that after the passage of the Jones Act, or the Law of the Congress of the United States of March 2, 1917, there could be no valid conviction under section 44, *supra.* The argument is, by virtue of that act the plebiscite and consequent prohibition of the manufacture of alcoholic liquors except for medicinal use and the like, that the excise laws in regard to manufacture of spirits are repealed. Appellant maintains in effect that no one could or should be required to make application to use a still when manufacture is prohibited, and that the People of Porto Rico should not exact the steps of the owner of a still ultimately and only designed for the payment of a license for the use of such a still and that it would be immoral for the said People to collect a license tax under these conditions. Section 44 however does not seek to punish the ownership or possession of a still, nor do its terms indicate that the

requirements set forth are merely preliminary steps to the imposition of a license.   Section 44 reads as follows:

"Every person having in his possession or custody, or under his control, as owner, lessee, custodian or otherwise, any still or distilling apparatus, mounted or dismounted, shall register the same with the Treasurer of Porto Rico by subscribing and filing with said Treasurer a statement in writing, setting forth the particular place where such still or distilling apparatus is located or stored, the kind of still, and the cubic contents, the name of the owner thereof, his place of residence and the purpose for which said still or distilling apparatus has been, is being, and is intended to be used, and shall, upon demand of any duly authorized officer, provide free and unrestricted access to said apparatus for the purpose of inspecting the same.   And every person failing to so register any still or distilling apparatus in his possession or custody or under his control, shall be guilty of a misdemeanor and shall for the first offense thus committed be fined not less than one hundred dollars nor more than five hundred dollars, or be imprisoned for not less than one month nor more than one year; *Provided,* That for the second and each subsequent offense thus committed both fine and imprisonment, shall be imposed; *And provided, further,* That all such unregistered stills or distilling apparatus shall be seized by the Treasurer of Porto Rico, and by him confiscated and sold for the benefit of The People of Porto Rico."

Two things are clear: First, that a person may want to use a still for the medicinal or scientific purposes fixed by Law No. 69 of December 5, 1917, or he may have either a useless or illicit still.   If for a licit purpose all the original reasons of section 44 prevail.   If the still is useless or is being used for an illicit purpose the Legislature may nevertheless require a record of the still, so as to prosecute for having a still and using it without a license.   The Jones Act does not destroy the sections of the revenue laws which prohibit the use of a still without a license.   Even supposing that a prosecution for illicit manufacture is a matter of federal jurisdiction by virtue of section 2 of the Jones Act, nevertheless it is familiar law that a territory may supplement the federal legislation and, as here, if for no other pur-

pose than to prevent the rise of illicit stills, require the record of all of them.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.